COLWELL, In re. See Case No. 17,529.

---

## Case No. 3,048.

### COMBS v. HODGE.

[5 Pittsb. Leg. J. 37.]

Circuit Court, District of Columbia. May 29, 1857.[1]

TRANSFER OF PUBLIC DEBT CERTIFICATES.

[An unauthorized transfer, to a bona fide purchaser, of certificates of a public debt, endorsed in blank to facilitate partial payment, and exchange for other certificates, vests an absolute title in the purchaser.]

[See note at end of case.]

[In equity. Bill by Leslie Combs against John L. Hodge, administrator of Andrew Hodge, deceased, William L. Hodge, and James Love, to recover two certificates for a portion of the public debt of the republic of Texas.]

[The certificates in question were issued to complainant, and were only transferable by him or his attorney, or his representative, on the books of the stock commissioner of the republic. He endorsed the certificates in blank, and sent them to the defendant Love in Texas, with authority to receive an anticipated partial payment, and to obtain other certificates of the same description for the residue.]

[The defendant John L. Hodge claimed the certificates by purchase of his intestate from Love for full value, and in reliance on the endorsement and Love's apparent authority to dispose of them.][2]

This decision embraces the settlement of

---

[1] [Reversed by the Supreme Court in Combs v. Hodge, 21 How. (62 U. S.) 397.]

[2] [The facts in the statement are taken from the opinion of Mr. Justice Campbell in the report of the case on appeal to the supreme court.]

a point of law of general interest and importance everywhere, viz.: That certificates of the debt of Texas, endorsed by the parties to whom issued, and placed by them in the hands of an agent to be transferred on the books of Texas, could be by that agent sold to a bona fide purchaser without notice, so as to vest in him the absolute title to them. Its importance arises from its applicability to transactions in stocks generally.

[NOTE. Complainant appealed to the supreme court, which reversed the decree of the circuit court, and remanded the cause with directions to allow the parties to amend the pleadings, and to take testimony if they should be so advised.

[The ground of the reversal, as stated by Mr. Justice Campbell, was that the protection of the law merchant to the holder of negotiable paper taken in the course of business for value did not extend to certificates like those in question, but, assuming that defendant's intestate was a holder for value, the answer failed to state the consideration paid to Love, or the time, 'place, and circumstances of the contract. Further, it appeared that complainant had not authorized the sale or transfer of the stock, and if there was a power of attorney authorizing Love to sell, as contended by defendant, it was incumbent on the latter to show the absence of collusion. Combs v. Hodge, 21 How. (62 U. S.) 397.]